IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIELLE RHOTEN,

        Plaintiff,

vs.                                   Case No. 04-4160-SAC

BRUCE DICKSON, IV,
FRANK PASE, as an agent and employee
of Topeka, Kansas and as individual, and
THE CITY OF TOPEKA, KANSAS,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on the court's own initiative to address procedural issues raised in recent briefing of summary judgment motions.

**Plaintiff's response briefs**

The pretrial order in this case states: "the arguments and authorities section of briefs or memoranda submitted in connection with all further motions or other pretrial matters shall not exceed 30 pages, absent an order of the court." Dk. 168, p. 35. The local rule provides the same. D.Kan. R. 7.1(e).

Plaintiff has filed a response to defendant Pase's summary judgment motion which exceeds this page limit by approximately six pages, Dk. 94, and has filed a response to the City's summary judgment motion which exceeds this page

limit by approximately fifty pages, Dk. 208.  No leave of court to exceed the page limit on either brief has been requested or would have been granted if requested, given the court's determination, after reviewing the briefs and exhibits, that this case is not factually or legally complex.

The court would be justified in declining to consider the pleadings or in striking them from the record, despite the fact that defendants have not raised this issue and apparently do not object to the length of the pleadings.  The page limit is primarily intended to preclude burdening or delaying the work of the court and is not for the convenience of the parties.  "Judicial economy and concise argument are purposes of the page limit." *Weilert v. Health Midwest Development Group*, 95 F. Supp. 2d 1190, 1192 (D. Kan.2000).

Because plaintiff's briefs violate the pretrial order and the local rule and hinder the court's administration of justice, the court hereby orders plaintiff to amend and refile Dockets 94 and 208 by August 9, 2006 to comply with the page limits established in the pretrial order.  Deletions shall be made but no new matter shall be inserted in either brief, thus avoiding prejudice to defendants.[1]

**Defendant Pase's supplemental summary judgment memorandum**

---

[1]Defendant Pace's reply to Dk. 94 (Dk. 107) shall not require revision.  No reply has yet been filed to Dk. 208.

Defendant Pase has filed a supplemental summary judgment memorandum without leave of court, Dk. 174, prompting a lengthy[2] response from plaintiff.

A supplement is not a pleading or other document that can be filed unilaterally, as a matter of right.  *See* D.Kan. R. 7.1; 7.4; 15.1(b); 56.1.  Defendant Pase has neither sought nor received leave of court to file its supplement.

The court disfavors supplements and applies the rules governing sur-replies in determining whether to consider them.  *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan.1999).  Local court rules do not provide for sur-replies.  *See* D.Kan. Rule 7.1 (2001).  Leave to file a sur-reply is generally only granted in "rare circumstances," as where the movant "improperly raises new arguments in a reply."  *Humphries v. Williams Natural Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998); *see Austin v. U.S. Bank Nat. Ass'n*, 2004 WL 433821, *3 (D. Kan.2004).

Here, it does not appear that defendant Pase's supplemental brief dated April 28, 2006, was filed to counter improperly raised new arguments in plaintiff's response brief.  Rather, it appears that because defendant Pase chose to

_____

[2]Despite the length of plaintiff's response brief (70 pages) and the voluminous nature of the exhibits which accompany it (Dk. 214-217), plaintiff's brief does not exceed the page limit in the pretrial order.

file his summary judgment memorandum (July 12, 2005) long before the conclusion of discovery and issuance of the pretrial order (April 5, 2006), he merely wished to supplement the incomplete record upon which he had previously relied.

The court notes that defendant Pase's briefing does not appear to be an attempt to evade the page limitation which has proved to be problematic for plaintiff.  Nonetheless, seriatim briefing of dispositive motions is not permitted by the rules or condoned by the court because it adversely effects the administration of justice.[3]  "Such rules are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word." *Humphries v. Williams Nat. Gas Co.,* 1998 WL 982903, *1  (D. Kan.1998). Accordingly, the court hereby orders defendant Pase to show cause by August 9, 2006 why Docket 174 should not be stricken from the record.

**Pending reply briefs**

Regarding the motion by defendant Pase and the City for an extension

---

[3]Despite the welcomed conciseness of defendant Pace's supplemental brief, the voluminous briefings and exhibits filed in response to it serve to illustrate how the court can be burdened even in simple cases by redundant and verbose pleadings and why the court must enforce rules regarding page limits and seriatim briefing.

of time in which to file reply briefs (Dk. 221), the briefing schedule is amended as follows: the City's reply brief to Dk. 208 shall be filed and served within 23 days after Dk. 208 is refiled, as amended; and, defendant Pase's reply to Dk. 214 shall be filed within 10 days after the court rules on defendant Pase's response to the show cause order in the event the underlying supplemental memorandum, Docket 174, is not stricken.

SO ORDERED.

Dated this 25th day of July, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge