IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIELLE RHOTEN,

        Plaintiff,

vs.                                                                                    Case No. 04-4160-SAC

BRUCE DICKSON, IV,
FRANK PASE, as an agent and employee
of Topeka, Kansas and as individual, and
THE CITY OF TOPEKA, KANSAS,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion for clarification of the record. To the extent the motion contends that the court erred in various factual statements made in its order on dispositive motions, the court construes plaintiff's motion as one for reconsideration, timely filed.

Plaintiff first asks whether the court considered Docket 214, plaintiff's response to defendant' Pase's supplemental summary judgment memorandum, in ruling on the dispositive motions. This question arises because prior to ruling on the dispositive motions, the court ordered defendant Pase to show cause why his supplemental summary judgment memorandum, Dk. 174, should not be stricken from the record. Dk. 222. The document about which plaintiff is concerned was submitted in response to defendant' Pase's supplemental summary judgment memorandum. Pase responded that he concurred with the court and would "either withdraw Doc. 174 or permit the Court to strike the same." Dk. 225. However, the court took no action on

its show cause order until after the court entered its decision on the dispositive motions.

Accordingly, the court's consideration of the various motions for summary judgment and to dismiss was based upon all relevant memoranda and exhibits, including Pase's supplemental summary judgment memorandum and plaintiff's response to it.[1] The court's reliance upon plaintiff's response (Dk. 214) is evidenced by the fact that some of the court's factual findings in its order were taken from plaintiff's factual statements in Dk. 214 and its accompanying exhibits.[2] The court's reliance upon portions of plaintiff's response which were accompanied by relevant citation to and reasonable inferences from the record is apparent from the court's refusal to adopt all the facts urged by defendants.[3] Additionally, although the court did not specifically refer to plaintiff's response by its docket number in its memorandum and order, the court did allude to it in noting that plaintiff attempted to contradict some of defendants' facts by mere denial, unaccompanied by relevant citation to and reasonable inference from the record.[4]

After ruling on the dispositive motions, the court struck Dk. 174 merely as a

---

[1] Because the docket sheet is confusing and the memoranda are numerous, the court specifies that it considered the following documents in reaching its decisions set forth in Dk. 231: regarding Pase's summary judgment motion, 71, 72, 94 amended to 227, 96, 107, 174, and 214; regarding the City's summary judgment motion, 171, 172, 208 amended to 226; regarding plaintiff's motions for partial summary judgment, 175, 177, 181, 203, 220, and 178, 182, 202 and 219; regarding Dickson's motion to dismiss, 173. Additionally, the court considered the accompanying exhibits for all memoranda.

[2] *See e.g.*, Dk. 231, p. 5, finding that Pase's car had "a chrome spotlight mounted on the front driver's side windshield pillar," from Dk. 214/215, Exhibit 15.2, p. 1.

[3] For example, the court declined to find that the light at Sixth Street was green, as defendants asserted, (Dk. 72, p. 8) because plaintiff presented contradictory testimony on that issue. *See* Dk. 214/215, Exh. 15.2 (Pase's accident report saying light was red); Dk. 214/215, Exh. 5.2 (Pase's deposition testimony at p. 175 that light was red).

[4] Dk. 231, at page 9, n. 3.

housekeeping matter.  It did not strike plaintiff's response to that document, Dk. 214, although such action would perhaps have been warranted.  Because neither party could be prejudiced by the court's striking of Dk. 174 after having considered it and the responsive pleading (Dk. 214) in ruling on the dispositive motions, the court will not revisit that issue.

Instead, the court considers the substance of plaintiff's claims of error.  Plaintiff's motion to reconsider is subject to D.Kan. Rule 7.3(a) and Fed.R.Civ.P. 59(e).  The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988).  A Rule 59(e) motion stands on limited grounds.  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir.2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) ("(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995) .").

Plaintiff properly disputes two of the court's factual findings.  First, the court found that "Pase immediately drove to the scene of the accident and activated his emergency lights."  Plaintiff shows the court testimony that Pase did not activate his emergency lights, thus it is contested whether Pase activated his emergency lights after the accident occurred.  This finding was included solely as background information and it has no bearing whatsoever on any reason articulated by the court in its memorandum and order in support of its decision. Accordingly, the court will not grant reconsideration of its decision.  It will, however,  modify its prior order, Dk. 231, by amending the sentence from "Pase immediately drove to the scene of the accident and activated his emergency lights" to  "Pase immediately drove to the scene of the

accident."

Similarly, plaintiff shows error in the court's finding that "Pase commented to a passenger in the same vehicle as plaintiff that he had been trying to catch this guy since North Topeka." The court now understands that the person to whom Pase made that comment, Shay Lyons, was not a passenger in the same vehicle as plaintiff. Accordingly, the court amends its prior order, Dk. 231, by deletion of the phrase, "Pase commented to a passenger in the same vehicle as plaintiff..." and insertion in lieu thereof the phrase, "Pase commented to Shay Lyons..." Here, as above, this difference is immaterial to the court's analysis and resulted in no prejudice to plaintiff. The importance of the finding is that the comment was made. To whom it was made matters not at all.

The court appreciates plaintiff's bringing the above factual errors to the court's attention. The record relating to the dispositive motions was voluminous and the court's task of determining the undisputed facts was laborious, yet the court desires that its orders be correct in every respect. Nonetheless, because these errors are immaterial to the analysis and are not prejudicial to plaintiff, they do not constitute manifest injustice which warrants reconsideration of the court's decision.

The remainder of plaintiff's claims of error are not well taken. Plaintiff urges the court to find that the light at Sixth Street was red because Pase testified that it was red and plaintiff did not controvert that fact. To do so, the court would have to ignore Dickson's testimony, properly submitted by the parties, that the light at Sixth Street was green. Plaintiff additionally errs in construing the court's finding that "Dickson felt comfortable driving the speed limit," to mean that the court found Dickson did not drive in excess of the speed limit. That finding gives rise to no such inference. Further, the court clearly stated at page six of its

order, " Factual disputes exist regarding whether the light facing Dickson at Sixth Street was green or red, regarding the speed at which parties were traveling at various times including immediately prior to impact, and other matters not at issue in these motions."

IT IS THEREFORE ORDERED that plaintiff's motion for clarification of the record is construed as a motion for reconsideration and is denied.

Dated this 19th day of September, 2006, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge